Ray TERESE, Plaintiff

v.

1500 LORENE, L.L.C., Defendant–Appellant

v.

Century Surety Company, Defendant–Appellee.

No. 11–30350
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 2011.

Dean A. Sutherland, Jeansonne & Remondet, Celeste Darmstadter Elliott, Anne Elizabeth Briard, Esq., Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA, for Defendant–Appellant.

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

---

PER CURIAM: *

In this insurance coverage dispute, the district court granted summary judgment to the insurer because of a policy exclusion barring coverage. The insured claims the exclusion is unlawful and contrary to public policy. We disagree and AFFIRM.

Ray Terese was hired to install countertops at a property owned by 1500 Lorene, L.L.C. ("Lorene"). While on the property, Terese fell and sustained injuries. He filed a premises liability action against Lorene in the United States District Court for the Eastern District of Louisiana.

Lorene had purchased a commercial general liability policy from Century Surety Company. Terese was granted leave to add Century Surety as a defendant in the premises liability suit.

Century Surety filed a motion for summary judgment. It invoked a policy exclusion that bars coverage for claims made by contractors and subcontractors injured while working on the property. The district court granted the motion, then entered judgment as to Century Surety pursuant to Federal Rule of Civil Procedure 54(b). This timely appeal followed.

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *Barker v. Halliburton Co.*, 645 F.3d 297, 299 (5th Cir.2011) (citation omitted). Summary judgment is appropriate when "the record indicates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quotation marks and citation omitted). We "view[ ] the evidence in the light most favorable to the nonmoving party." *Id.* (quotation marks and citation omitted).

Lorene presents three arguments for coverage. It first claims that the exclusion is invalid because it has not been filed with and approved by the Louisiana Insurance Commissioner. *See* La.Rev.Stat. § 22:861(A)(1). Second, Lorene contends that the exclusion violates public policy because it "unreasonably or deceptively affect[s] the risk" assumed in the contract. *Id.* § 22:862(3). Finally, it argues that the exclusion leads to an absurd result because it eliminates coverage for contractors and subcontractors, which is contrary to Lorene's reason for purchasing the policy. *See Tex. E. Transmission Corp. v. Amerada Hess Corp.*, 145 F.3d 737, 742 (5th Cir.1998) (applying Louisiana law); La. Civ.Code art. 2046.

The exclusion at the heart of this dispute reads as follows:

8. "Bodily Injury" to Contractors or Subcontractors

It is agreed that this insurance does not apply to "bodily injury" to any contractor, subcontractor or any agent or "employee" of a contractor or subcontractor that is doing work on or at, or is in any way involved with the operations performed for you at the location specified in the Declarations.

It is undisputed that Terese was an employee of a subcontractor. It is also undisputed that Terese was working on the premises specified in the policy.

We have fully reviewed the parties' briefs and record excerpts. We find no merit in the arguments raised by Lorene. The district court's grant of summary judgment was proper, essentially for the

---

reasons set forth in its thorough Order and Reasons.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.